Citation Nr: 1438748 
Decision Date: 08/29/14 Archive Date: 09/03/14

DOCKET NO. 09-30 703 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUES

1. Entitlement to a rating in excess of 30 percent for left knee strain from December 18, 2012, to include on a scheduler and extra-schedular basis.

2. Entitlement to a temporary total rating based on left knee surgery necessitating convalescence. 


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

D. Rogers, Associate Counsel 



INTRODUCTION


The Veteran served on active duty from January 2002 to May 2006. 

These matters come before the Board of Veterans' Appeals (Board) on appeal from July 2008 (increase for left knee) and April 2014 (temporary total disability) rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina.

In February 2013, the Appeals Management Center (AMC) granted an increased 30 percent rating for the Veteran's left knee strain, effective December 18, 2012. As that grant did not represent a total grant of benefits sought on appeal, the claim for increase remains before the Board. AB v. Brown, 6 Vet. App. 35 (1993).

In August 2013 the Board, in relevant part, denied entitlement to an initial rating in excess of 10 percent for left knee strain prior to December 18, 2012, and remanded the issue of entitlement to a rating in excess of 30 percent from December 18, 2012, for additional development. The Board again remanded the claim for additional development in January 2014. The case has since been returned to the Board for further appellate consideration. 

This appeal was processed using the Virtual VA paperless claims processing system. Accordingly, any future consideration of this appellant's case should take into consideration the existence of this electronic record. In evaluating this case, the Board has reviewed the Veteran's electronic file on the Virtual VA and VBMS systems to ensure a complete assessment of the evidence. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2002).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

While the Board sincerely regrets additional delay of adjudication of the Veteran's claims for a disability rating in excess of 30 percent for left knee strain from December 18, 2012, to include on a schedular and extra-schedular basis, and entitlement to a temporary total rating for treatment necessitating convalescence, the Board finds the claims must be remanded for additional development. 

As to the claim for increase for left knee strain since December 18, 2012, the Board observes that he was most recently afforded a VA examination to determine the current severity of his left knee strain disability in November 2013. A December 2013 statement from Dr. RM, the Veteran's private orthopedic physician who performed left knee arthroscopy with partial lateral meniscectomy, chondral debridement, and removal of loose bodies in July 2013, indicated that the Veteran has continued to have significant left knee problems since undergoing surgery with no real improvement in his left knee disability. He stated that further testing was in progress to hopefully find the underlying problem causing continued left knee pain. VA treatment records dated most recently through January 31, 2014, contain a January 2014 report of a left lower extremity MRI, which showed a radial tear in the anterior horn of the lateral meniscus and small left knee effusion. This evidence suggests that the Veteran's left knee strain disability has worsened since it was most recently evaluated during VA examination in November 2013. The Board also notes that in a December 2013 statement, the Veteran raised concerns as to the adequacy of range of motion findings obtained during the November 2013 examination. To ensure that the evidence of record accurately portrays the current severity of the Veteran's left knee disability, the Board finds that it is necessary to afford the Veteran a new VA examination. 38 C.F.R. § 3.159(c)(4)(i) (2013). 

In addition, in January 2014, the Board directed that VA treatment records be obtained from the Salisbury VAMC/Charlotte CBOC dating since December 2012. On review, however, it appears that VA treatment records were obtained dating from December 2013. Thus, VA treatment records dating from December 2012 must again be requested and associated with the claims file for review. Ongoing private treatment records OC and PMA should also be requested and associated with the claims file for review. 

The Board also notes that evidence received from the Veteran on December 20, 2013, includes a work attendance record which purportedly shows his leave used during the course of his employment at the U.S. Postal Service from August to December 2013. The record appears to show leave entered for "FMLA" protected conditions and "leave without pay" as the Veteran exhausted both his annual and sick leave prior to left knee surgery July 2013 (see June 2013 statement from the Veteran's supervisor). The Board notes, however, that the record contains FMLA paperwork pertaining to conditions other than the left knee disability on appeal (PTSD and influenza). Thus, it is unclear what leave, if any, was used as a consequence of the Veteran's left knee disability on appeal. As this evidence is relevant in determining whether the Veteran's left knee disability has caused marked interference with his employment pursuant to 38 C.F.R. § 3.321(b)(1) as alleged, it is necessary to contact the U.S. Postal Service for clarification of the exact dates and times of any leave the Veteran used as a consequence of his left knee disability on appeal as opposed to any other service-connected and/or FMLA protected disability or condition. 

As to the claim for a temporary total rating for treatment necessitating convalescence, in May 2014, the Veteran filed a timely notice of disagreement to an April 2014 rating decision that denied entitlement to a temporary total rating based on left knee surgery in July 2013 necessitating convalescence. The Veteran has appealed the denial of a temporary total rating for treatment necessitating convalescence. He has not yet been provided with a Statement of the Case for that issue. Because the Veteran has filed a notice of disagreement, a remand is necessary for issuance of a Statement of the Case. Manlincon v. West, 12 Vet. App. 238 (1999).


Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Obtain all pertinent VA treatment records from the Salisbury VAMC/Charlotte CBOC dating since December 2012. All records and/or responses received should be associated with the claims file.

2. After obtaining any necessary authorization from the Veteran, request relevant private treatment and occupational medical and attendance records from:

a) OC (orthopedic) pertaining to any treatment the Veteran received from Dr. RM at OC and Dr. O at OC University campus for a left knee disability dating since August 27, 2013. 

b) PMA (primary care) pertaining to any treatment received at that facility dating since September 2013. 

c.) The U.S. Postal Service and any other records repository deemed appropriate and request a copy of all of the Veteran's employment records, including any associated medical records and attendance records. Clarification should be requested to the extent possible as to the exact dates and times of any leave (sick, annual, FMLA, and leave without pay) used related to the Veteran's service-connected left knee disability. If any leave used is known to be for disability other than a left knee disability, that should also be specified. 

All efforts to obtain records must be documented in the claims file. If the records do not exist or further attempts to obtain the records would be futile, notify the Veteran in accordance with 38 C.F.R. § 3.159(e). 

3. The Veteran should also be scheduled for a new VA examination to determine the current severity of his left knee strain disability. The Veteran's electronic claims file and a copy of this REMAND should be furnished to the examiner, who should indicate in the examination report that he or she has reviewed the claims file. All necessary diagnostic testing should be performed and all findings should be described in detail. The examiner should note any functional impairment caused by the Veteran's left knee disability, including a full description of the effects on his ordinary activities and occupation, if any.

The claims file must be properly documented regarding any notifications to the Veteran as to any scheduled examination. 

4. Following receipt of the above requested evidence, undertake any additional development deemed appropriate in light of the additional evidence received. Then, readjudicate the claim for increase for a left knee disability from December 18, 2012, to include on an extra-schedular basis pursuant to 38 C.F.R. § 3.321(b)(1). If the benefit sought on appeal is not granted to the Veteran's satisfaction, a supplemental statement of the case must be provided to the Veteran and his representative. The case should then be returned to the Board for further appellate review, if in order.

5. Also provide the Veteran a Statement of the Case as to the issue of entitlement to a temporary total rating based on left knee surgery in July 2013 necessitating convalescence. If the case needs to be transferred to the RO or if a Statement of the Case must be requested from the RO as to this issue as suggested in the AMC's July 2014 memorandum, this must be accomplished. The Statement of the Case should be sent to the latest address of record for the Veteran. The Veteran must be informed that he must file a timely and adequate substantive appeal in order to perfect an appeal of the issue to the Board. See 38 C.F.R. §§ 20.200, 20.202, and 20.302(b) (2013).

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
MICHAEL LANE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).